In the Matter of The Arbitration of certain differences between A/S GANGER ROLF, A/S Bonheur and A/S Borgaa, Skibs A/S Oilexpress, Skibs A/S Siljestad, (A. F. Klaveness & Co. A/S), Westfal-Larsen & Co., A/S and ZEELAND TRANSPORTATION, LTD.

United States District Court
S. D. New York.
Feb. 20, 1961.

Haight, Gardner, Poor & Havens, New York City, Proctors for petitioners; John C. Moore, Richard A. Lempert, New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, Proctors for respondent; Herbert M. Lord, John S. Rogers, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

This is a proceeding to compel arbitration under Sections 4, 5 and 6 of the United States Arbitration Act (9 U.S.C. §§ 4, 5 and 6).

Petitioners have moved for an order directing respondent Zeeland Transportation, Ltd. (Zeeland) to appoint an arbitrator within a period to be fixed by the court, and in the event of Zeeland's failure to do so for appointment by the court of an arbitrator to act on its behalf.

The application is based upon the petition to compel arbitration which alleges in substance the following:

Petitioners are all Norwegian corporations and respondent is a Liberian corporation. Three of the petitioners and one group of petitioners are each owners of one of the four vessels involved here. Each vessel was independently chartered by its owner to North Atlantic Marine Company, Inc. (North Atlantic) acting as agent for Zeeland which is alleged to be the principal under all of the charter parties.

The charter parties which are all in the same form are annexed to the petition.

Petitioner Skibs A/S Siljestad, owner of the M/S Sommerstad, chartered its ship on January 21, 1959 under a charter party signed by North Atlantic in its own name. Petitioners Skibs A/S Oilexpress, owner of the M/S Tank Emperor, and petitioners A/S Ganger Rolf, A/S Bonheur, and A/S Borgaa, owners of the M/S Bolette, chartered their ships under charter parties dated respectively October 23, 1959 and November 3, 1959 which North Atlantic signed "as agents for charterers". The charter party of the M/S Haukanger owned by petitioner Westfal-Larsen & Co., A/S was signed by North Atlantic "as agents".[1]

Petitioners' vessels performed voyages under the charter parties and substantial sums for hire and other charges became due to petitioners which have not been paid although duly demanded.

Each charter party contained an arbitration clause reading as follows:

"Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York pursuant to the laws relating to arbitration there in force, before a board of three persons, consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen. The decision of any two of the three on any point or points shall be final. Either party hereto may call for such arbitration by service upon any officer of the other, wherever he may be found, of a written notice specifying the name and address of the arbitrator chosen by the first moving party and a brief description of the disputes or differences which such party desires to put to arbitration. If the other party shall not, by notice served upon an officer of the first moving party within twenty days of the service of such first notice, appoint its arbitrator to arbitrate the dispute or differences specified, then the first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person, with precisely the same force and effect as if said second arbitrator has been appointed by the other party."

It may be fairly inferred from the allegations of the petition that petitioners are seeking arbitration for the purpose of fixing the amounts due them under their respective charters and for an award of such sums.

Petitioners have each appointed Hendrik L. Busch as their arbitrator and have given Zeeland notice of the appointment. They allege that Zeeland has failed to appoint an arbitrator although duly requested to do so.

The prayer for relief in the petition seeks a direction that Zeeland proceed to arbitration "in accordance with the terms of the aforesaid agreements to arbitrate" and that it appoint an arbitrator. The motion now before me seeks an order directing Zeeland to appoint an arbitrator within a time to be fixed by the court, and failing this, the appointment of an arbitrator by the court to act on Zeeland's behalf.[2]

This court has jurisdiction over the parties and subject matter under Section 4 of the Arbitration Act. See 28 U.S.C. § 1333.

Zeeland has submitted no papers in opposition. It takes the flat position that the petition is not properly before the court, reserving, at this stage, its contention that it was not originally and never became a party to the charters. It contends that the petitioners have not followed the procedure provided by the arbitration clause and that their recourse to the courts is therefore premature.

---

1. It may be noted that Zeeland is not mentioned by name in any of the charter parties or in the signatures to them.

2. While each charter party is an independent document, since the terms of each are substantially the same petitioners join in a single action as a matter of convenience.

Zeeland points to the provisions of the arbitration clause to the effect (1) that a party seeking arbitration must serve a notice specifying its arbitrator and the disputes it wishes to have arbitrated, and (2) that if the other party does not by appropriate notice appoint its arbitrator within twenty days thereafter, then the "first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person, with precisely the same force and effect as if said second arbitrator had been appointed by the other party".

Zeeland urges that before seeking relief from this court under the Arbitration Act, petitioners are required to exhaust their remedies under the arbitration agreement by appointing a second arbitrator in default of appointment by Zeeland and to proceed with the arbitration to a conclusion even though Zeeland does not participate. Upon Zeeland's theory petitioners are not parties aggrieved by a failure, neglect or refusal to arbitrate within the meaning of Section 4 of the Act, and under Section 5 must follow the method for appointing an arbitrator provided in the arbitration clause.

Petitioners, on the other hand, contend that before arbitration can proceed the court must determine whether or not Zeeland is a party to the arbitration and that they are entitled to a summary trial of the issue of the making of the agreement. They say that it is quite obvious that Zeeland intends to deny that it was ever a party to the charters or was bound by the arbitration clauses which they contain. They point out that if they go through with the arbitration it may prove to be a nullity and urge that this makes them an aggrieved party entitled to relief under the Act.

Petitioners in their memorandum state additional facts which they say bear on their right to relief though these statements are unsupported by affidavit or other evidentiary material. They say that after performance of the Bolette and Tank Emperor charters was under way North Atlantic, upon demands of the owners, declared as its principals Kingston Steamship Corporation for the Bolette and Ozark Navigation Corporation for the Tank Emperor; that both of these corporations had filed petitions for arrangement in this court which were dismissed for lack of assets; that both these declarations of principal were rejected by the owners; that no principals have been declared as to the Sommerstad or the Haukanger; that North Atlantic has by now been adjudicated a bankrupt in this court; and that one Samuel H. Wang is said to be the sole stockholder and president of respondent Zeeland, North Atlantic, Kingston Steamship Corporation and Ozark Navigation Corporation and to control them all.

From these facts, unsupported though they are, petitioners infer that Zeeland's design is to leave them holding a bag of empty corporate bankrupts while Zeeland, the only solvent member of the quartet, and Wang escape liability entirely.

Section 4 of the Arbitration Act permits "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" under a written arbitration agreement to petition the court to compel arbitration. The basic question here is whether or not the petitioners are parties who are aggrieved by a failure to arbitrate. Unless they are they cannot maintain this proceeding.

I do not think that petitioners are such parties within the meaning of the statute.

The arbitration agreements do not impose on the parties to them the absolute duty to appoint an arbitrator once the moving party has done so. They simply provide that in the event that the other party fails to appoint, the moving party may then appoint a disinterested person as an arbitrator instead and the arbitration may proceed before the two arbitrators appointed by the moving party.

Thus, in the event of failure of the other party to appoint an arbitrator the agreements entered into by the petitioners provide their own remedies. The

petitioners may proceed under the terms of the arbitration agreements without any action of the court and such action is not required in order to make the arbitration agreements effective.

All that the court is entitled to do in this proceeding in any event, as the first sentence of Section 4 provides, is to direct "that such arbitration proceed in the manner provided for in such agreement". Moreover, Section 5 provides that

"If in the agreement provision be made for a method of naming or appointing an arbitrator * * * such method shall be followed; * * *."

Here the petitioners have failed to follow the method for the appointment of the second arbitrator provided in the agreement, and the court therefore cannot make the appointment under Section 5.

■■ It is true that the issue of whether or not Zeeland was in fact a party to these charters and bound by the arbitration clause is not one for the arbitrators and must be passed upon by the court at some time. Kulukundis Shipping Co. S./A. v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978. Cf. Devonshire Fabrics, Inc. v. Robert Lawrence Co., 2 Cir., 271 F.2d 402. But it does not necessarily follow that this issue must be determined before the arbitration proceedings commence. An ex parte arbitration under the terms of an arbitration clause like the one in the case at bar is valid and an award made thereunder is enforcible against a party bound by the clause. Standard Magnesium Corp. v. Fuchs, 10 Cir., 251 F.2d 455; Kentucky River Mills v. Jackson, 6 Cir., 206 F.2d 111, 47 A.L.R. 2d 1331, certiorari denied 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392; Texas Eastern Transmission Corp. v. Barnard, D.C. E.D.Ky., 177 F.Supp. 123.

■■ However, a complete stranger to the arbitration clause cannot be bound by an award made against it. The issue of whether or not Zeeland was a party to and bound by the charters and the arbitration clause which they contain may be raised in a proceeding to enforce an award under Section 9 of the Act, or an action on the award. Kentucky River Mills v. Jackson, supra.

Such an ex parte arbitration involves risks both to the moving party and to the party which did not appoint its own arbitrator. If the assertion of the petitioners that Zeland is the principal on the charter parties and is therefore bound by the arbitration clause is unfounded, petitioners may find that the arbitration was in fact a useless gesture and they were put to unnecessary expense. But they are hardly in a position to complain if their unfounded assertion leads to that result.

On the other hand, if petitioners' assertions turn out to be well-founded and Zeeland is eventually held to be bound by the award, Zeeland is in the position, by its own default, of being precluded from contesting the merits. It may not complain that it has not been heard on the merits before the arbitrators since it waived the right to do so granted to it by the arbitration agreement by which it bound itself.

■ Petitioners, while conceding that they have the right under the arbitration clause to proceed ex parte, urge that they have no duty to do so and that therefore they may waive the right and elect to petition the court for relief under the Arbitration Act. The petitioners overlook the object of the Arbitration Act which contemplates only the enforcement of the arbitration agreement made by the parties themselves in the manner they themselves provide. Petitioners, by waiving rights and remedies given to them by the arbitration clause cannot thereby acquire a new right not granted by the Act to have the court compel arbitration in a manner different from that provided by the clause. Having designed their own remedy for recalcitrance they cannot, over respondent's objection, ignore that remedy and pursue another.

■ What petitioners really want here is a judgment declaring that Zeeland is bound by the arbitration clause in advance of arbitration as insurance against

the possibility that they may be mistaken in their assertion that it is so bound. It does not seem to me that Sections 4, 5 and 6 of the Act contemplate such a declaratory judgment or authorize the court to render it. These sections are designed only to insure that the parties proceed in the manner provided by the arbitration agreement which they themselves fashioned.

Upon the allegations of this petition petitioners are not now entitled to relief from this court. Before proceeding under the Arbitration Act they must exhaust the remedies provided by the arbitration clauses and this they have not done.

Petitioners' motion is denied in all respects and their petition will be dismissed.

Settle order on notice.