In the Matter of the Arbitration between
**PHILIPPINE BULK SHIPPING, IN-CORPORATED, MANILA,** Petitioner,
and
**INTERNATIONAL MINERALS & CHEMICAL CORP.,** Respondent.
**Under Charter Party dated September 16, 1971.**
**No. 72 Civ. 1587.**

United States District Court,
S. D. New York.
June 26, 1973.

Poles, Tublin, Patestides & Stratakis by Christ Stratakis, John J. Devine, Jr., New York City, for petitioner.

Haight, Gardner, Poor & Havens by Charles S. Haight, Jr., New York City, for respondent.

## MEMORANDUM

EDWARD WEINFELD, District Judge.

Petitioner, Philippine Bulk Shipping, Incorporated, Manila (Philippine), moves pursuant to 9 U.S.C., section 9, to confirm an arbitration award and for entry of judgment thereon against respondent, International Minerals & Chemical Corp. (International). The respondent cross-moves under section 10(d) of the Act to vacate the award on the ground that the arbitrators exceeded their powers. The basis of respondent's contention is that Philippine was not a party signatory to the agreement which contained the provision pursuant to which the arbitration was ordered by the late District Court Judge Edward C. McLean. The issue turns upon the scope of Judge McLean's order directing respondent to proceed to arbitration.

On or about April 18, 1972, Philippine commenced this proceeding for an order directing respondent to proceed to arbitration and to appoint its arbitrator pursuant to an arbitration clause contained in a charter party. The petition alleged that on September 16, 1971, Philippine, "as owner of the Philippine Flag motor ship, FILIPINAS I, entered into a certain charter party with the Respondent, INTERNATIONAL MINERALS & CHEMICAL CORP., as charterers"—an allegation that is at the heart of International's claim. In fact the charter party of September 16, which contained the arbitration provision, is between Sea Ocean Navigation Corp. (Sea Ocean) "as disponent owners" and respondent. However, rider clauses (33 through 52) attached to the charter party describe the agreement as between petitioner and respondent. Upon the return of the motion to compel arbitration, respondent offered no opposition and petitioner's motion was granted, and the order entered by Judge McLean on May 19, 1972 directed respondent to "submit to arbitration any and all disputes arising out of the above-captioned Charter Party" [1] and provided that in the event respondent failed to appoint its arbitrator the Court would appoint one on the ex parte application of petitioner. Respondent failed to appoint its arbitrator and thereafter petitioner submitted, upon Judge McLean's request, a copy of the above charter party to the Court, following which, on July 7, 1972, he signed an order appointing an arbitrator on behalf of the respondent.

The arbitrators convened on October 17, 1972. At the hearing respondent's representative urged that Sea Ocean was not named in the order directing arbitration and that it referred only to an arbitration between respondent and Philippine. The arbitrators then inquired of petitioner's counsel what documentation had been presented to Judge McLean to show the relationship of Philippine to the charter party. Counsel represented that Sea Ocean was acting as agents for Philippine, which was the owner of record of the vessel and the real party in interest; that Judge McLean had been informed that Sea Ocean, named as the disponent owner in the charter party, was acting as agent on behalf of Philippine; that Judge McLean had been advised of all the facts.

The arbitrators did not undertake to decide whether a principal-agent relationship existed, but deemed themselves bound to comply with Judge McLean's order directing arbitration between Philippine and respondent based upon the charter party referred to in the or-

---

1. The caption refers to the charter party dated September 16, 1971.

der. Respondent participated, but without prejudice to its claim that Philippine was not a party to the charter party. On April 11, 1973, the arbitrators made an award to the petitioner, stating " . . . our award is being issued in accordance with the terms and conditions of the attached Charter Party dated September 16, 1971 which, although indicates Sea Ocean Navigation Corporation as Disponent Owners, nevertheless attorneys representing petitioner, Philippine Bulk Shipping Incorporated, represent the enclosed as the document referred to in the attached order of Judge McLean." Thus, the arbitrators accepted the representation of petitioner's attorneys that the charter party which they considered was in fact the one referred to in Judge McLean's order, and the record abundantly indicates that this is so. The technical attack by respondent arises only because the order granting petitioner's motion to compel arbitration failed to state Philippine's correct status. The arbitrators did not exceed their powers, but rather arbitrated the precise charter party which Judge McLean intended them to arbitrate. They acted within the scope of their authority under the order directing the arbitration.

■ Respondent does not quarrel with the proposition, as indeed it cannot, that an undisclosed principal may enforce the arbitration agreement in a charter party signed on its behalf by an authorized agent.[2] However, it contends there was no competent proof of a principal-agent relationship between petitioner and Sea Ocean. But the issue of whether or not Philippine was in fact a principal of Sea Ocean and entitled to enforce the arbitration agreement was a question for the Court to decide and not for the arbitrators.[3] Moreover, any issue as to whether Philippine, although not a signatory to the charter, was nevertheless a party entitled to enforce it should have been contested by respondent when Philippine made its motion to compel arbitration, since such a claim is encompassed within the statutory issue of the "making of the arbitration agreement," [4] and not upon the motion to confirm the arbitration award pursuant to 9 U.S.C., section 9.[5] Although the petition to compel arbitration specifically alleged that it was Philippine that entered into the charter party of September 16, 1971 with respondent, the latter did not oppose the motion and failed to raise any issue as to the allegation; in this circumstance it admitted the allegation. Thus, Judge McLean acted upon the petition as presented, and subsequently when he appointed an arbitrator on behalf of respondent after it had failed to do so, he had before him a copy of the charter party of September 16, 1971, which purports to be between respondent and Sea Ocean as disponent owner, though the rider lists Philippine as the owner. These matters, as well as petitioner's attorney's representation to the Court, were sufficient under the order to permit the arbitrators to pass upon Philippine's claims against respondent under the charter party. In directing that the arbitration proceed between petitioner and respondent, Judge McLean necessarily found that the charter party of September 16, 1971 was in effect between them and entitled to enforcement.[6]

2. *See* International Minerals & Chem. Corp. v. M/V Achilleus, 1971 A.M.C. 1161 (S.D.N.Y.1971).

3. *See* A/S Ganger Rolf v. Zeeland Transp. Ltd., 191 F.Supp. 359, 363 (S.D.N.Y.1961); *cf.* Orion Shipping & Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299, 301 (2d Cir.), cert. denied, 373 U.S. 949, 83 S. Ct. 1679, 10 L.Ed.2d 705 (1963); Tubos De Acero De Mexico, S.A. v. Dynamic Shipping, Inc., 249 F.Supp. 583, 587 (S.D.N.Y.1966).

4. *See* 9 U.S.C. § 4; *cf.* Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403, 87 S.Ct. 7801, 18 L.Ed.2d 1270 (1967).

5. *See* Orion Shipping & Trading Co. v. Eastern States Petroleum Corp., 312 F.2d 299, 301 (2d Cir.), cert. denied, 373 U.S. 949, 83 S.Ct. 1679, 10 L.Ed.2d 705 (1963).

6. *Cf.* Kulukundis Shipping Co., S/Α v. Amtorg Trading Corp., 126 F.2d 978, 985 (2d Cir. 1942).

The Board of Arbitrators having acted within the scope of their authority, the petitioner is entitled to have their award confirmed and judgment entered thereon.

So ordered.