COBEC BRAZILIAN TRADING AND WAREHOUSING CORPORATION OF the UNITED STATES, Petitioner,

v.

Henning ISBRANDTSEN, Jakob Isbrandtsen and/or H. & J. Isbrandtsen, Ltd., Respondents.

No. 80 Civ. 5013 (CBM).

United States District Court, S. D. New York.

Dec. 15, 1980.

Milgrim, Thomajan, Jacobs & Lee, P. C.
by Leo G. Kailas, Davis P. Langlois, New
York City, for petitioner.

Albert, Pastore & Ward, P. C. by Robert
C. Mirone, New York City, for respondents.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioner, Cobec Brazilian Trading and
Warehousing Corporation of the United
States (Cobec), moves pursuant to 9 U.S.C.
§ 9 for confirmation of an arbitration
award and entry of judgment thereon
against respondents, Henning Isbrandtsen,
Jacob Isbrandtsen and/or H. & J. Is-
brandtsen, Ltd. (Isbrandtsen). Respondents
cross-move under §§ 10(c) and (d) to vacate
the award on the grounds that the arbitra-
tors (1) were guilty of misconduct in re-
fusing to hear pertinent and material evi-
dence; (2) engaged in other misbehavior
prejudicial to the rights of Isbrandtsen;
and (3) exceeded or so imperfectly executed
their powers that a mutual, final and defi-
nite award was not made. For the reasons
discussed below, the court holds that peti-
tioner is entitled to have its award con-
firmed and judgment entered thereon.

On July 20, 1979, Cobec commenced a
proceeding in this court before Judge So-
faer to compel Isbrandtsen to proceed to
arbitration pursuant to an arbitration
clause contained in an alleged charter par-
ty. Isbrandtsen opposed the motion, claim-
ing that no final agreement was reached
because Isbrandtsen never accepted certain
details, Cobec's acceptance was untimely
and Cobec initially did not reveal that its
principal was an agency of the Egyptian
government. Judge Sofaer rejected Is-
brandtsen's arguments and entered an or-
der on January 4, 1980, which granted Co-

bec's motion to compel arbitration and directed the parties to nominate arbitrators. The panel of arbitrators held a hearing on March 19, 1980, and received evidence and memoranda from both parties. On August 25, 1980, the arbitrators awarded Cobec $48,751.33, including interest and costs of arbitration.

■ Isbrandtsen contends that the arbitrators' award must be vacated because the panel neglected to hear and pass on the issues of whether Cobec had standing to arbitrate and whether Cobec suffered damages since it acted only as an agent. The court does not agree. The issue of whether a party is entitled to enforce an arbitration agreement is a question for the court and not for the arbitrators. *Philippine Bulk Shipping, Inc. v. International Minerals and Chemical Corp.*, 376 F.Supp. 654, 656 (S.D.N.Y.1973); *A/S Ganger Rolf v. Zeeland Transportation, Ltd.*, 191 F.Supp. 359, 363 (S.D.N.Y.1961). Any challenge to Cobec's standing to arbitrate should have been raised by Isbrandtsen when Cobec moved to compel arbitration, since such a claim is encompassed within the statutory issue of "making of the arbitration agreement," and not upon the motion to confirm the arbitration award. *See Philippine Bulk Shipping, Inc., supra* at 656. The question of Cobec's standing to arbitrate was necessarily decided by Judge Sofaer when he granted Cobec's motion to compel arbitration and authorized Cobec to appoint an arbitrator.

This holding is not inconsistent with the decision in *A/S Ganger Rolf v. Zeeland Transportation, Ltd., supra,* as Isbrandtsen suggests. That case merely held that a court might consider the question of whether a party was bound by an arbitration clause in a proceeding to enforce an award when this was the only route that accorded with the terms of the arbitration agreement. In *A/S Ganger Rolf* the court declined to rule on whether the respondent should be compelled to arbitrate since the arbitration clause specifically provided for a procedure which the petitioner should follow upon the respondent's refusal to arbitrate, pursuant to which recourse to the courts was at that point premature.

That decision is inapposite here since in the case before this court Judge Sofaer did consider Cobec's motion to compel arbitration and Isbrandtsen had an opportunity to contest Cobec's standing at that proceeding. Therefore, the arbitrators acted within the scope of their authority in entering an award in favor of Cobec without ruling on the question of Cobec's standing to arbitrate.

■ The court also rejects Isbrandtsen's argument that the award must be vacated since the arbitrators "ignored" the issue of whether Cobec actually suffered damages. The Court of Appeals for the Second Circuit has repeatedly warned that it is not receptive "to invitations to second-guess an arbitrator's resolution of a contract dispute" and has "consistently accorded the narrowest of readings to the Arbitration Act's authorization to vacate awards '[w]here the arbitrators exceeded their powers,' 9 U.S.C. § 10(d)." *Andros Compania Maritima v. Marc Rich & Co.*, 579 F.2d 691, 703 (2d Cir. 1978). An arbitration award will not be vacated for a mistaken interpretation of the contract or of the law, even when, in the court's view, the arbitrators' opinion was "clearly erroneous both in logic and result." *I/S Stravborg v. National Metal Converters, Inc.*, 500 F.2d 424, 429 (2d Cir. 1974); *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972); *Advance Publications, Inc. v. Newspaper Guild of New York*, 616 F.2d 614, 618 (2d Cir. 1980). Thus, the arbitrators' award cannot be vacated because the arbitrators came to the wrong conclusion as to whether Cobec suffered damages.

■ In addition, the Supreme Court has made it clear that there is no general requirement that arbitrators explain the reasons for their awards. *Wilko v. Swan*, 346 U.S. 427, 436, 74 S.Ct. 182, 187, 98 L.Ed. 168 (1953); *Bernhardt v. Polygraph Co.*, 350 U.S. 198, 203, 76 S.Ct. 273, 276, 100 L.Ed. 199 (1956).

The sacrifice that arbitration entails in terms of legal precision is recognized, and

**10**

is implicitly accepted on the initial assumption that certain disputes are arbitrable. Given that acceptance, the primary consideration for the courts must be that the system operate expeditiously as well as fairly.

*Sobel v. Hertz, Warner & Co., supra* at 1214, *accord, Kurt Orban Co. v. Angeles Metal Systems,* 573 F.2d 739, 740 (2d Cir. 1978). There was no need, then, for the arbitrators to set forth in their opinion their reasons for deciding that Cobec suffered damages even though it acted as an agent.

 Finally, an arbitrator's refusal to hear pertinent evidence is grounds for vacating an award under § 10(c) of the Arbitration Act. Isbrandtsen points to *Cofinco, Inc. v. Bakrie & Bros.,* 395 F.Supp. 613 (S.D.N.Y.1975), which held that "neglectful disregard," rather than explicit refusal to hear evidence, was sufficient misconduct on the part of the arbitrators to warrant vacating an award. The actions of the arbitrators in the case *sub judice,* however, do not meet the standard for neglectful disregard presented in *Cofinco, Inc.* There the appeals panel made a final ruling on questions expressly postponed below. There was never occasion to hear evidence in the first instance and the appellate panel was barred from receiving any evidence. Thus, "the fundamental right to be heard was grossly and totally blocked." *Id.* at 615.

The relevant facts in the case before this court are entirely different from those in *Cofinco, Inc.* In this case both parties had the opportunity to present evidence and arguments regarding Cobec's damages to the arbitration panel and both in fact did so. Among the exhibits submitted by Cobec at the hearing on March 19, 1980, was the freight invoice to Cobec from the owner of the substitute vessel Cobec chartered following Isbrandtsen's failure to provide a vessel. On April 24, 1980, Cobec submitted a copy of a debit ticket from its bank showing that Cobec actually paid a higher freight for the substitute vessel.

Isbrandtsen responded to Cobec's submissions with a written memorandum to the arbitrators dated June 10, 1980, in which it argued that Cobec was not the party in interest, "notwithstanding a copy of a freight bill and bank advice purportedly evidencing payment of freight by Cobec." It cannot be said therefore that Isbrandtsen's right to be heard was grossly and totally blocked.

For the foregoing reasons, Cobec's motion to confirm the arbitration award is granted.

SO ORDERED.