816 F.2d 671
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERADA HESS CORPORATION; Amerada Hess Shipping
Corporation, Plaintiff- Appellee,
v.
SS ATHENA, her boilers, tackle, apparel, freights,
furniture, etc.; Transcoast Navigation, Ltd;
Minerals and Transportation, Ltd.,
Defendant-Appellant.
 No. 86-3092.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1987.
Decided April 9, 1987.
 
 Before WIDENER, CHAPMAN and WILKINSON, Circuit Judges.
 Michael Marks Cohen (Robert J. Gruendel; Burlingham, Underwood & Lord; Warren B. Daly, Jr.; Ober, Kaler, Grimes & Shriver, on brief), for appellants.
 Kenneth Geller (Hill, Betts & Nash; James W. Bartlett, III; Kroll, Tract, Harnett, Pomerantz & Cameron, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Our review of this arbitration decision arising out of a claim for shortage is very limited, permitting us to vacate the award only where the arbitrators were guilty of misbehavior or exceeded their powers. 9 U.S.C. Sec. 10 (1970). On matters of fact and law determined by the arbitrators, this court is without power to set aside an arbitration award. See Cobec Brazilian Trading and Warehousing Corporation of the United States v. Isbrandtsen, 524 F.Supp. 7 (S.D.N.Y.1980). The district court, in reviewing the decision of the arbitration panel under this same standard, concluded that the appellant's claim was without merit, as the issues raised by the owners in their motion to vacate were before the arbitrators, and the arbitrators did not refuse to hear any relevant evidence. Although the arbitration panel did compute the amount of shortage and the amount awardable as demurrage in a fashion not proffered by either party, such a calculation does not by itself constitute arbitral misconduct, which can arise where the panel decides an issue not before it. We therefore adopt the reasoning of the district court as set forth in its orders of January 16, 1986 and June 10, 1986, Civil Action Nos. M-82-3553 and M-85-3215, in refusing to vacate the arbitration panel's award of demurrage, shortage, and fees and costs. We decline to assess fees and double costs against the appellant pursuant to Rule 38 of the Federal Rules of Appellate Procedure.
 
 
 2
 AFFIRMED.