**EUROLINES SHIPPING CO., S.A., Petitioner,**

v.

**METAL TRANSPORT CORPORATION, Defendant.**

**No. 80 Civ. 247.**

United States District Court, S. D. New York.

June 26, 1980.

Kirlin, Campbell & Keating, New York City, for petitioner; Lawrence G. Cohen, New York City, of counsel.

Burlingham, Underwood & Lord, New York City, for respondent; Michael Marks Cohen, Richard L. Dutton, New York City, of counsel.

LASKER, District Judge.

Eurolines Shipping Company petitions for an order confirming a "Partial Final Award" in an arbitration between Eurolines and Metal Transport Corporation requiring Metal Transport to pay Eurolines the sum of $20,719.69 and to pay the arbitrators' fees. The petition is granted.

The dispute between the parties arises out of a voyage of the M/V Eurco Link, a vessel owned by Eurolines and chartered to Metal Transport for the carriage of bulk raw sugar from El Salvador to Texas. During the voyage, leaking sea water destroyed a portion of the sugar, and Metal Transport refused to pay freight for that portion. Before the arbitrators, Eurolines argued that it was entitled to immediate payment of the withheld freight under a clause of the charter-party that provided that "[f]ull freight shall be considered earned as cargo is loaded on board and shall be payable and retainable irrevocably Vessel and/or cargo lost or not lost or the voyage abandoned or broken up." Metal Transport contended that Eurolines was not entitled to the withheld freight because it failed to exercise due diligence in providing a seaworthy vessel, and consequently was liable for any resulting lost cargo under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§ 1303(1), 1304(1).

At Eurolines' request, the arbitrators made a Partial Final Award limited to Eurolines' claim under the charter. It is conceded that if the arbitrators rule against Eurolines on Metal Transport's claim under COGSA, Metal Transport will be entitled to recover from Eurolines any sum paid under the partial award. For this reason, Metal Transport contends that the partial award is not "final" and "definite" and consequently cannot be confirmed.

■ Section 9 of Title 9 of the United States Code provides that when an application for an order confirming an arbitration award is made to a district court, the court "*must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." (Emphasis added) Section 10 provides, in relevant part, that an award may be vacated

"[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the matter submitted was not made."

9 U.S.C. § 10(d). Generally, to be "final" and "definite" an award "must both resolve all the issues submitted to arbitration, and determine each issue fully so that no further litigation is necessary to finalize the

obligations of the parties under the award." *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd.*, 454 F.Supp. 368, 372 (S.D. N.Y.1978). However, an "interim" award that finally and definitively disposes of a separate, independent claim may be confirmed "notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration." *Id.; see In re Cephalonian Shipping Co.*, 1979 A.M.C. 1451, 1454 n. 1 (S.D.N.Y.1979).

■ Metal Transport contends that the instant award does not dispose of a separate and independent claim. However, this argument is based solely on the fact that Metal Transport may be entitled at a later time to recover from Eurolines the monies it is required to pay over under the partial award. It is not based on an assertion that the two claims before the arbitrators—Eurolines' claim under the charter and Metal Transport's claim under COGSA—are interrelated in any way except in that they concern the same fund. The two cases on which Metal Transport relies are inapposite. In *Cofinco v. Bakrie & Bros.*, 395 F.Supp. 613 (S.D.N.Y.1975), the court refused to confirm an arbitration award entered by an appellate arbitration panel that clearly exceeded its authority in reviewing another panel's award. In *Puerto Rico Maritime Shipping Authority v. Star Lines, Ltd., supra*, 454 F.Supp. 368 (S.D.N.Y.1978), the court refused to confirm a "partial final award" not because the issue addressed was inseparable from other issues submitted, but rather because the arbitrators failed to resolve the independent issue addressed completely by reducing the amount payable under the partial award to a sum certain. The opinion suggests that the court would have confirmed the award if a sum certain had been specified, even though there, as here, the resolution of the remaining claims before the arbitrators might have resulted in an award requiring repayment of the sums to be paid under the partial award.

Metal Transport has established no reason why the mandate of section 9 may be ignored. Its motivating concern appears to be the fear that if it pays Eurolines now and subsequently prevails on its COGSA claim, it will be unable to recover its payment because, it claims, Eurolines is a Greek shell company that owns no vessels. Metal Transport had the opportunity to make this argument before the arbitrators, who nonetheless decided to make a partial award. Whether in the view of the court or of counsel that decision was improvident cannot control our decision—the question was properly relegated to the arbitrators' discretion, since they were in a better position than the court to decide it. The court's function in these circumstances is to review the award under the standards set forth in 9 U.S.C. §§ 10 and 11, and if no grounds for vacating or modifying the award are found, to confirm it.

Because its principal concern is that it may not be able to get its money back if it pays Eurolines now, Metal Transport has indicated its willingness to deposit the disputed funds with the court pending a conclusive award by the arbitrators, and seeks leave of the court under Rule 67 of the Federal Rules of Civil Procedure to make such a deposit. However, Rule 67 does not authorize such a deposit here, where no action has been brought seeking a judgment for a sum of money. This does not mean, of course, that other provisions of state or federal law might not afford Metal Transport the sort of relief it seeks.

For the reasons stated, the petition is granted, and the arbitration award granted in favor of Petitioner and against Respondent dated December 28, 1979, is hereby confirmed.

It is so ordered.