OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the petition to confirm the arbitration award granted.
On cross petitions to confirm and to vacate the arbitrator’s award determining that the termination of employment of the correction officer represented by petitioner union was a violation of the collective bargaining agreement with respondents, it was error for the courts below to have disturbed the award. The arbitrator’s decision was predicated on his interpretation of the agreement which gave to a third physician the power to make a final determination when a disagreement arose between the physicians selected by the employer and the employee “over the physical fitness of an employee to continue in his job duties”. Concluding that the third physician’s determination of the employee’s unfitness for work improperly relied on the general physical condition of the employee rather than only the condition of a previously injured leg, which had been the subject of the disagreement between the parties’ original physicians, the arbitrator found that that *656 determination could not serve as a basis for discharge of the employee under the terms of the collective bargaining agreement.
By express provision of the contract, the decision of the arbitrator with respect to any grievance submitted to him — including a grievance “with respect to the meaning * * * of this agreement” — was final and binding. The courts below therefore should not have substituted their interpretation of the provision defining the authority of the third physician for that of the arbitrator. The applicable principle is that an arbitrator’s award “will not be vacated even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning or * misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation” (Matter of Silverman [Benmor Coats], 61 NY2d 299, 308).
None of the stated exceptions is operative here. The arbitrator’s conclusion that the dispute-resolving authority of the third physician extended only to the disagreement between the parties’ physicians as to the condition of the correction officer’s injured leg was not irrational. We observe that it was the leg injury and its complications which had been the cause of the employee’s frequent absences from work and it was the return from one of such absences that occasioned the examinations that gave rise to the disparate medical opinions. An arbitrator’s interpretation may even disregard “the apparent, or even the plain, meaning of the words” of the contract before him and still be impervious to challenge in the courts (Rochester City School Dist. v Rochester Teachers Assn., 41 NY2d 578, 582).
The argument that the arbitrator exceeded a limitation in the collective bargaining agreement (prohibiting his altering the provisions of the contract) by restricting the authority of the third physician to less than what — according to the employer — was conferred on the doctor by the agreement is nothing more than a challenge to the substance of the arbitrator’s contract interpretation, which, as already indicated, is foreclosed.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
*657 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and petition to confirm the arbitration award granted in a memorandum.