■ CITY OF POUGHKEEPSIE, Appellant, v CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., on Behalf of JANICE L. MIELICH, Respondent. — In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), entered July 21, 1983, which denied its application and granted respondent's cross motion to confirm the award.

Judgment affirmed, with costs.

It is well settled that an arbitrator's award will not be vacated unless it is totally irrational, violative of a strong public policy or exceeds a specifically enumerated limitation on his power (see *Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 307-308). Further, "absent provision in the arbitration clause itself, an arbitrator is not bound by principles of substantive law or by rules of evidence" nor will vacatur be warranted "even though the court concludes that his interpretation of the agreement misconstrues or disregards its plain meaning" (*Matter of Silverman [Benmor Coats], supra,* p 308). In the final analysis, the arbitrator "may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be" (*Matter of Silverman [Benmor Coats], supra,* p 308).

Therefore, contrary to petitioner's contention that the grievant was a provisional employee in the position of record clerk, and as such she was required to be laid off prior to a permanent employee in the same position, the arbitrator could properly find, as he did, that the grievant had apparently been erroneously listed as a provisional employee in the records of the Dutchess County Personnel Department when her position as stenographer was reclassified to record clerk, and that, therefore, the grievant had retained her status as a permanent employee after reclassification of her position. Having determined that the grievant was a permanent employee, the arbitrator properly concluded that she should not have been laid off, since the grievant, having been first permanently appointed to

the classified service in January of 1974, had more seniority than the other record clerk in her department, who had been first appointed to the classified service in October of 1979 (see Civil Service Law, § 80; Rules for the Classified Civil Service of Dutchess County, rule XXIV, § 2, par [b]; Collective Bargaining Agreement between petitioner and respondent, art XX, § 2; cf. *Koch v Yunich,* 533 F2d 80).

Under these circumstances, the award was properly confirmed as it was neither violative of a strong public policy, totally irrational, nor in excess of a specifically enumerated limitation on the arbitrator's power. Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.