KERR–McGEE REFINING
CORP., Plaintiff,

v.

TRIUMPH TANKERS LTD., Defendant.

No. 84 Civ. 3299 (WCC).

United States District Court,
S.D. New York.

July 10, 1990.

Nourse & Bowles, New York City, for plaintiff; John P. Vayda, Maria L. Alonso, of counsel.

Burlingham Underwood & Lord, New York City, for defendant; Joseph C. Smith, R. Scott Ervin, of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action is presently before the Court on the motion of plaintiff Kerr–McGee Refining Corp. ("Kerr–McGee") to confirm the Partial Final and Final Arbitration Awards and the cross motion of defendant Triumph Tankers, Ltd. ("Triumph") to vacate such awards. Triumph moves to vacate the partial award as time-barred and

the final award on the grounds that the arbitration panel (1) exceeded their powers, (2) are guilty of misbehavior prejudicial to Triumph and (3) acted in manifest disregard of the law. For the following reasons, the partial award is confirmed and the final award is vacated.

## FACTS

The present dispute arises out of a voyage charter party (the "Charter") dated March 5, 1984, between Kerr–McGee Refining Corp. ("Kerr–McGee"), as charterer and Triumph Tankers, Ltd. ("Triumph"), as owner of the vessel. On March 9, 1984, the vessel loaded 539,999 net bbls. of Beatrice Crude Oil at the Nigg Oil Terminal in Scotland and on March 10, 1984, sailed for Corpus Christi, Texas, arriving on March 28, 1984. Upon arrival at Corpus Christi, Kerr–McGee found that the amount of cargo on board was only 538,250.09 net bbls. Following discharge of the oil, Kerr–McGee discovered that a total of only 528,060.65 net bbls. had been received from the vessel. On the basis of these measurements, Kerr–McGee alleged short delivery and withheld freight in the amount of $213,000.

Because the Charter provided for arbitration of disputes "arising out of" the Charter, Triumph sought arbitration to recover the balance of freight withheld by Kerr–McGee. Kerr–McGee subsequently paid the balance but counterclaimed in the arbitration for $150,638.59 as damages for short delivery of 4,835.91 net bbls. of cargo. Thereafter, Kerr–McGee increased the amount of its shortage claim to 11,938.35 net bbls. of cargo and sought treble damages based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962–1968.

On September 7, 1988, the arbitration panel issued a Partial Final Award unanimously finding in favor of Kerr–McGee for the value of 7,497.41 net barrels of cargo short delivered, together with interest to the date of the Partial Final Award at 9% per annum, in the combined amount of $332,138.41 with interest to continue at 10% per annum until payment or judgment. The arbitrators deferred Kerr–McGee's

RICO claim for which both parties submitted further briefs. On March 28, 1990, the panel issued its Decision and Final Award whereby the majority concluded that Triumph had converted 7,497.41 net bbls. of Kerr–McGee's cargo through a pattern of racketeering and awarded treble damages under RICO, costs, attorneys' fees and interest totaling $512,520.10.

In 1984, prior to the arbitration, Kerr–McGee commenced this action seeking to attach assets of Triumph located in New York as security for its claim. By agreement of the parties, this action was discontinued pending arbitration, upon the posting of security by Triumph's protection and indemnity underwriter. By order dated September 13, 1985, the Court dismissed this action subject to reopening for the purpose of confirming or vacating the arbitration award. The Court now considers the cross motions to confirm and to vacate.

## DISCUSSION

### I. Partial Final Award

■■ Triumph first asks this Court to vacate the Partial Final Award of September 7, 1988 because Kerr–McGee's motion for confirmation is time-barred. Triumph claims that the partial award is a full and final disposition of the shortage claim, subject to confirmation within one year from the date issued, September 7, 1989. Kerr–McGee claims to the contrary, that the partial award did not fully and separately dispose of an independent claim and therefore was not subject to confirmation until the date of the final award, allowing confirmation at the present time.

The Federal Arbitration Act ("Act") provides that if a party wishes to avail itself of summary proceedings for confirmation of an award,

> at any time within one year after the award is made, any party to the arbitration may apply to the court ... for an order confirming the award ...

9 U.S.C. § 9. This provision limits the time in which a party may move for confirmation to one year after the date of the award. The law is well settled that an

interim award which finally and conclusively disposes of a separate independent claim may be confirmed although it does not resolve all the claims that were submitted to arbitration. *See Metallgesellschaft A.G. v. M/V Captain Constante*, 790 F.2d 280, 283 (2d Cir.1986); *Eurolines Shipping Co. v. Metal Transport Corp.*, 491 F.Supp. 590, 592 (S.D.N.Y.1980). If, however, the award left open the amount of damages or did not fully dispose of a distinct claim, the limitations period is tolled until the final award. *See Metallgesellschaft A.G. v. M/V Captain Constante*, 790 F.2d 280, 283 (2d Cir.1986); *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980) ( [interim award] "did not finally dispose of any of the claims submitted, since it left open the question of damages on the four counterclaims of Owner that it sustained and reserved decision on the fifth"); *Puerto Rico Maritime, Etc. v. Star Lines Ltd.*, 454 F.Supp. 368, 372 (S.D.N.Y.1978) (declaration of liability leaving the question of the amount owing unanswered and the possibility of further disputes between the parties not separable and non-dependent). The question thus before the Court in determining whether the one-year period has run is whether the Partial Final Award finally and definitely disposed of a separate and independent claim.

In the Partial Final Award, the panel determined that Triumph breached the charter and was liable for shortage damages. Specifically, the panel found that Triumph "failed to deliver 7,497.41 net bbls. of Beatrice Crude.... which resulted in a loss to Charterers of $233,544.32." The panel further awarded interest to Kerr–McGee, allocated the arbitrators' fees and set interest at 10% to run until payment was made or the award was reduced to judgment. Kerr–McGee argues that because the panel left open whether, as a result of Triumph's breach, Kerr–McGee was also entitled to costs, attorneys' fees and punitive and/or RICO damages and whether Triumph was entitled to interest

for late payment of freight, the Partial Final Award did not finally dispose of an independent claim, but merely decided the issue of liability and partial damages on the predicate shortage claim. This Court agrees.

Kerr–McGee likens its case to that of *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411 (2d Cir.1980), in that while the panel established a value for the damages Kerr McGee was entitled to for its short delivered cargo, it did not determine all of Kerr–McGee's damages arising out of its single shortage claim. Because all damages stem from the shortage claim, determination of Triumph's liability and the value of the short cargo alone does not completely dispose of an independent claim. Tied to that claim are the costs, attorneys' fees and punitive and/or RICO damages which are determined in relation to the substantive claim of conversion or theft.

## II. Final Award

■ Section 9 of the Act provides that when an application for an order confirming an arbitration award is made to a district court, the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Section 10 provides, in relevant part, that an award may be vacated where the arbitrators "exceeded their powers." 9 U.S.C. § 10(d). Triumph challenges the panel majority's award of treble damages under RICO [1] as exceeding their powers, claiming that (1) the scope of the arbitration agreement did not empower the panel to consider a RICO claim, and 2) the panel considered evidence that had no relation to this voyage and thus did not "arise out of" the charter party.

Although the charter party between Kerr–McGee and Triumph does not specifically include RICO as a remedy for breach, it provides that:

1. 18 U.S.C.1964(c) provides:
   Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropri-

ate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration....

While the award of civil RICO damages indeed exceeds the compensatory measure of damages typical in breach of contract claims, the composite claim before the panel no longer concerned only breach of contract but included a RICO element on which treble damages are expressly authorized. Therefore, Triumph's contention that the panel was not empowered to award the equivalent of punitive damages in a breach of contract claim is inapt. The panel, empowered by the arbitration agreement to consider "any and all differences and disputes of whatsoever nature," properly considered the RICO claim. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2335, 96 L.Ed.2d 185 (1987) (RICO claim arbitrable under the terms of the Arbitration Act where parties contracted to arbitrate "any controversy arising out of or relating to my accounts, to transactions with you for me or to this agreement or the breach thereof.") Accordingly, it can not be stated that the panel necessarily exceeded its power in considering the RICO claim and awarding treble damages.

■ Triumph further contends that the panel majority exceeded its power when it considered Kerr–McGee's allegations that Triumph was part of a group of shipowners engaged in a "pattern" of cargo conversion over a period of several years. Triumph argues that such consideration ignores the parties' agreement to arbitrate only those claims "arising out of this Charter," a charter which governed only the single voyage from Nigg Terminal to Corpus Christi.

In its Final Award, two of three arbitrators determined that the theft of cargo aboard the Triumph was part of a pattern sufficient to satisfy the requisites of civil liability under 18 U.S.C. §§ 1962(a) and (c) of RICO, including the "pattern" and "enterprise" requirements. In doing so, the panel majority expressly concluded that the owners of TRISUN, TRILIGHT, TRISTAR and TRIAD were converting cargo in a similar manner and that because Triumph not only was part of the same group but shared the same managing agent as these vessels, Triumph should be held accountable for their actions. The Court agrees with Triumph that because the parties agreed to arbitrate only those claims "arising out of" the Charter, the panel majority exceeded its power in looking to occurrences on other voyages in finding a pattern and enterprise to satisfy the elements of RICO and was accordingly without authority to award RICO damages on that basis.[2]

### CONCLUSION

For the above stated reasons, Kerr–McGee's motion to confirm the partial award dated September 7, 1988 in the principal amount of $233,544.32 plus $98,594.09 interest through the date of the award, plus interest on the principal amount at the rate of 10% per annum until payment has been made in full is granted and Triumph's motion to vacate the final award is granted.

SO ORDERED.

---

**2.** Because this Court finds that the panel exceeded its power, it is unnecessary to determine whether the panel was guilty of misbehavior prejudicial to Triumph or whether the panel acted in manifest disregard of the law.