■ In the Matter of NASSAU CHAPTER, CIVIL SERVICE EMPLOYEES ASSOCIATION, LOCAL 830, AFSCME LOCAL 1000, Appellant. COUNTY OF NASSAU, Respondent. [625 NYS2d 621] —In a proceeding pursuant to CPLR article 75 to vacate an arbitrator's award, the petitioner appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated October 21, 1993, which dismissed the petition and granted the cross application to confirm the award.

Ordered that the order is affirmed, with costs.

Section 10-9.5 (d) of the parties' agreement states, *inter alia,* that "[d]efault will be granted against the party requesting more than two (2) adjournments" of a disciplinary arbitration. In the present case, where the arbitration hearing continued over the course of 16 days between July 8 and December 4, 1992, it is clear that the term "adjournment" was properly construed by the arbitrator so as to mean only the cancellation, at the request of one of the parties, of a previously-scheduled hearing date, and not to mean the mere scheduling of the next hearing date at the conclusion of each day's proceedings.

According to the affidavit submitted by the attorney who represented the County of Nassau during the arbitration, "hearing dates were specifically scheduled tentatively subject to confirmation" due to the fact that the attorney's "wife was pregnant and past her due date of November 6, 1992". In light of this, and all the other circumstances revealed in the record on appeal, we conclude that the arbitrator did not act irrationally in concluding that the announcement by the attorney for the County of his unavailability for the "tentatively" scheduled hearing dates of November 19, 1992, and November 25, 1992, due to the birth of his child on November 20, 1992, did not constitute a request for two separate adjournments. The arbitrator's construction of the parties' agreement so as to make subject to "adjournments" only those hearing dates which were "officially scheduled" is not totally irrational, and did not constitute a re-writing of the agreement *(see generally, Matter of Albany County Sheriff's Local 755 [County of Albany],* 63 NY2d 654; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578). Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.