**McGREGOR VAN DE MOERE, INC., Petitioner,**

**v.**

**PAYCHEX, INC., Respondent.**

**No. 96–CV–6068L.**

United States District Court, W.D. New York.

June 10, 1996.

Michael D. Norris, Hallenbeck, Lascell, Norris & Zorn, Rochester, NY, for petitioner.

David Rothenberg, Geiger & Rothenberg, Rochester, NY, for respondent.

### DECISION AND ORDER

LARIMER, Chief Judge.

Petitioner, McGregor Van De Moere, Inc. ("MVI"), commenced this action pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm a decision of an arbitration panel ("the panel") rendered on February 2, 1996. Respondent, Paychex, Inc. ("Paychex"), has moved to dismiss MVI's

petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## BACKGROUND

The following facts are not in dispute. Paychex is a New York corporation that provides companies with various types of services, including payroll processing, payroll tax preparation, and life and health insurance products and services. MVI is a California corporation offering insurance services.

In April 1992, the parties entered into a contract ("the contract") by which Paychex agreed to give MVI the exclusive rights to sell and service life and health insurance products to Paychex clients. *See* Petition Ex. A. In paragraph 24 of the contract, the parties agreed to submit to arbitration any controversy with respect to the contract or the parties' performance obligations under the contract. *Id.* at 25. The contract further stated that "[j]udgment or any award of the arbitrators may be entered in any court having jurisdiction." *Id.* at 26.

In December 1993, Paychex notified MVI of its intent to terminate the contract without cause. Certain disputes arose between the parties concerning their respective obligations under the contract, and the parties agreed to arbitrate those disputes in accordance with the contract.

Paychex proposed to MVI that they bifurcate the arbitration proceeding into separate liability and damages phases. MVI initially opposed this idea, opining that such a procedure would likely be duplicative and costly. Respondent's Motion Ex. A. Subsequently, however, MVI changed its mind; MVI's attorney apparently informed Paychex's attorney of that fact in an oral conversation, the substance of which he confirmed in a letter dated August 1, 1995. In the letter, MVI's attorney stated that "[t]he liability phase of the hearing has been scheduled, by agreement among us and the arbitrators, for November 6–9, 1995. We intend to schedule the damages hearing on a later date convenient to everyone." Respondent's Motion Ex. B.

The hearing on liability was held as scheduled. On February 2, 1996, the panel issued a unanimous written decision on the liability issues. The specific findings of the panel are not of great importance here, but for the most part they favored MVI.

MVI filed the instant petition on February 14, 1996, seeking an order confirming the panel's decision on liability. Paychex has moved to dismiss the petition on the ground that the panel's February 2 decision is interlocutory insofar as it did not deal with the issue of damages, and that the decision is therefore not subject to confirmation at this time.

## DISCUSSION

An arbitration award must be "final" before it can become subject to judicial review under the FAA. *Michaels v. Mariforum Shipping, S.A.,* 624 F.2d 411, 414 (2d Cir.1980). Thus, a petition to confirm an interlocutory award should be dismissed as premature. *Id.* at 415.

In general, an arbitration award is not considered "final" unless it was intended by the arbitrators to be their complete determination of all claims submitted to them. *Id.* at 413. This ordinarily requires that the arbitrators have determined the issues of both liability and damages. *Id.* at 414.

However,

[t]he applicability of [this] principle[ ] must be assessed in light of two other pertinent principles. First, the submission by the parties determines the scope of the arbitrators' authority. Thus, if the parties agree that the panel is to make a final decision as to part of the dispute, the arbitrators have the authority and responsibility to do so. Second, once arbitrators have finally decided the submitted issues, they are, in common-law parlance, *"functus officio,"* meaning that their authority over those questions is ended. Thus, if the parties have asked the arbitrators to make a final partial award as to a particular issue and the arbitrators have done so, the arbitrators have no further authority, absent agreement by the parties, to redetermine that issue.

*Trade & Transport, Inc. v. Natural Petroleum Charterers Inc.*, 931 F.2d 191, 195 (2d Cir.1991) (citations omitted).

In *Trade & Transport*, the parties during the arbitration proceeding modified their original submission (which addressed both liability and damages), and asked the panel to decide the issue of liability immediately, leaving for a later time the calculation of damages, if any. The panel decided the liability question, and subsequently rejected an attempt by the losing party to reopen the issue of liability. After further proceedings the panel awarded damages, and the district court confirmed the award. On appeal, the Second Circuit stated that the panel's award on liability was final because it "did conclusively decide every point required by and included in the first part of the parties' modified submission . . ." *Id.* The court therefore held that the panel was correct in refusing to reopen the issue of liability because it had no authority to consider that issue any further.

At least one district court from within this circuit has held that under the principles enunciated in *Trade & Transport*, a court may confirm an award on the issue of liability where the parties have agreed to bifurcate liability and damages. *See Corporate Printing Co. v. New York Typographical Union No. 6*, No. 93 CIV. 6796, 1994 WL 376093 (S.D.N.Y. July 18, 1994).

■ Notwithstanding this case law, Paychex asserts that an award dealing solely with liability cannot be confirmed unless it was the parties' express intention that the award be considered final for purposes of judicial review. Whatever merit that principle may have in the abstract, I find it inapposite here. There is nothing in the record that even remotely suggests that the parties and the panel itself believed that the panel's decision on liability would be anything less than final. Although the word "final"—in that context at least—does not appear in the correspondence between the parties' attorneys or in the panel's award, the case law does not indicate that confirmation is unavailable unless the parties expressly declare that an award on liability in a bifurcated proceeding will be deemed "final." Rather, the Second Circuit has focused on the nature of the issues submitted to, and decided by the panel in determining whether an award is final. As in *Trade & Transport*, the panel here conclusively decided every point required by and included in the parties' submissions concerning liability, and it was therefore final as to that issue. *See also Zephyros Maritime Agencies, Inc. v. Mexicana De Cobre, S.A.*, 662 F.Supp. 892, 894 (S.D.N.Y.1987) ("an interim award that finally and definitely disposes of a separate, independent claim may be confirmed 'notwithstanding the absence of an award that finally disposes of all claims that were submitted to arbitration'") (quoting *Eurolines Shipping Co. v. Metal Transport Corp.*, 491 F.Supp. 590, 592 (S.D.N.Y. 1980)); *Cf. Michaels*, 624 F.2d at 414 (petition to vacate award that decided liability on one party's counterclaims was premature, since arbitrators did not decide liability issue on any of the other party's claims, and "d[id] not purport to resolve finally the issues submitted to them . . .").

■ Paychex also argues that the petition should be dismissed because to allow a party to seek confirmation of an award under these circumstances would promote piecemeal litigation and would waste judicial time and resources. Where it is clear that an award is final for purposes of the FAA, however, I do not believe that the interests of judicial economy are themselves sufficient to justify dismissing a properly brought petition. *See Government of the United Kingdom v. Boeing Co.*, 998 F.2d 68, 72–73 (2d Cir.1993) (courts will enforce arbitration agreements even if enforcement creates inefficiencies or piecemeal litigation) (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219–21, 105 S.Ct. 1238, 1241–43, 84 L.Ed.2d 158 (1985)).

Aside from the motion to dismiss, Paychex has presented no challenge to the award itself. In light of the limited scope of judicial review of arbitration awards, and the deference to be accorded to such awards, *see United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36, 108 S.Ct. 364, 369–70, 98 L.Ed.2d 286 (1987); *Local 1199, Hosp. & Health Care Employees Union v. Brooks Drug Co.*, 956 F.2d 22, 24–25 (2d Cir.1992);

*Albany County Sheriff's Local 775 v. County of Albany,* 63 N.Y.2d 654, 656, 479 N.Y.S.2d 513, 468 N.E.2d 695 (1984), I therefore grant MVI's petition to confirm the award in this case.

### *CONCLUSION*

Respondent's motion to dismiss the petition is denied. The petition by McGregor Van De Moere, Inc. to confirm the award of the arbitration panel dated February 2, 1996, is granted.

IT IS SO ORDERED.