Ronald A. PORTER, Appellant,

v.

Cecil A. IRVINE, et ux, Appellees.

No. 01–82–0352–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 1, 1983.

Robert Moore, Galveston, David Tolin, Houston, Carl Conklin, Cleveland, for appellant.

L.A. Green, Jr., Cornelius Gills and Lee Rosenthall, Houston, for appellees.

Before JACK SMITH, BASS and COHEN, JJ.

## OPINION

COHEN, Justice.

The appellees purchased a home built by the appellant and sued him when numerous defects appeared in the home. They alleged causes of action for fraud under Tex. Bus. & Comm.Code Ann. § 27.01, for deceptive trade practices under Tex.Bus. & Comm.Code Ann. § 17.46 et seq. and for breach of warranty. They also sued the subdivision developers, Friendswood Development Company and King Ranch, Inc., the mortgage lender, Heritage Mortgage and Investment Corporation, and the insurance agent and insurer, who sold and issued the homeowner's insurance policy, Fred McClure Insurance Agency and Fire Insurance Exchange, asserting that all parties were liable for fraud under § 27.01 of the Business & Commerce Code. A jury trial resulted in a $2,500.00 verdict against the appellant, Porter, which was tripled, apparently on the authority of Business & Commerce Code § 27.01. The jury awarded attorney's fee of $14,250.00, including increments for appeal. The court granted instructed verdicts in favor of all defendants except Porter.

Porter asserts that the jury's answers to special issues eighteen and nineteen regarding arbitration should have barred recovery by the appellees. The jury found that the parties agreed to arbitration of their complaints concerning the house and that an award was made by the arbitrators. The arbitration agreement in question involved a construction contract, which is not specifically enforceable under the General Arbitration Act, Tex.Rev.Civ. Stat.Ann. art 224 (Vernon 1973). However, an award not enforceable under the act may still be upheld as a valid common law award, and the settlement of disputes through a dual system of statutory and common law arbitration has been favored in Texas law. *L.H. Lacy Company v. City of Lubbock*, 559 S.W.2d 348, 351 (Tex.1977); *Carpenter v. North River Insurance Company*, 436 S.W.2d 549, 552 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.).

Mr. Irvine testified that he "went through" the arbitration process and that he agreed in writing to abide by the decision of the Greater Houston Builders Association Committee regarding his complaint with the appellant. He identified his and his wife's signatures on a notarized document dated December 19, 1973, which appears to be an agreement to arbitrate. Unfortunately, the document, although admitted in evidence, does not appear in the record before us. Mr. Irvine also identified an exhibit bearing his signature dated November 24, 1974, which he signed and upon which he wrote the words "under protest." Although this appears to have been the arbitration award and was admitted into evidence, it does not appear in the record before us. No supplemental transcript has been filed, despite our request for one. Due to the absence of these vital documents, we are unable to determine if the arbitration agreement in question provided for an exclusive remedy or permitted a suit in the district court. Furthermore, we cannot determine whether the issues decided herein were the same issues decided by the arbitration, or whether all issues submitted to arbitration were actually determined in the award. An arbitration award must determine all matters submitted or it will be

unenforceable for lack of finality. *Smith v. Barnett,* 373 S.W.2d 762, 765 (Tex.Civ.App.-Dallas 1963, no writ). We decline to speculate regarding the contents of the arbitration agreement or the issues decided in the arbitration award. We cannot hold that an agreement and award whose terms are unknown to us constitute a bar to the appellees' recovery. Point of error one is overruled.

■ In point of error two, the appellant asserts that the trial court committed reversible error by rendering a judgment based in part on special issues two, three and four, which inquired regarding fraud under § 27.01 Tex.Bus. & Comm.Code, because there was no evidence or insufficient evidence to support the submission of the fraud issue to the jury. The appellant argues that the evidence was insufficient because there was no evidence of his state of mind. The fraud alleged was that the appellant promised to build a house of good quality while intending not to do so. The mere failure to perform a promise is not itself evidence of an intent not to perform when the promise was made. . The appellees had to prove that when the appellant promised to build a house of good quality, he had no intention to do so. *McGaha v. Dishman,* 629 S.W.2d 220, 222 (Tex.Civ.App.-Tyler 1982, writ ref'd n.r.e.); *Stone v. Enstam,* 541 S.W.2d 473, 480–81 (Tex.Civ.App.-Dallas 1976, no writ); *Mangum Road Center v. Disclafani,* 450 S.W.2d 130, 134 (Tex.Civ. App.-Houston [14th Dist.] 1969, writ ref'd n.r.e.). The evidence was uncontradicted that appellant did perform some repairs on the house, and the jury found that he offered to rescind the purchase. There was no evidence to show that appellant did not intend to build a good house when he promised to do so. Consequently, it was error to submit special issues number two, three and four regarding fraud.

This error, however, does not require reversal of the judgment. There is an adequate, independent basis for the judgment found in the jury's answers to special issues eight through fifteen establishing all the necessary elements of a cause of action for breach of warranty and damages of $2,500.00. In disposing of point of error three below, we have modified the judgment to strike actual damages in excess of $2,500.00. Consequently, the appellant has suffered no harm. Point of error two is overruled.

■ The appellant's third point of error complains of the trial court's granting a judgment which tripled the actual damages of $2,500.00 to $7,500.00 and awarded attorney's fees, both on the authority of the Deceptive Trade Practices Act. This real estate sale was closed before the effective date of the original Deceptive Trade Practices Act, May 21, 1973, and before the act was amended to include real estate in the definition of "goods", effective September 1, 1975. Therefore, an award of triple damages and attorney's fees under the act was not authorized. See *Ferguson v. Beal,* 588 S.W.2d 651, 653 (Tex.Civ.App.-Houston [14th Dist.] 1979, writ ref'd n.r.e.). We note that the judgment submitted to the court below contained references to § 17.46 and § 17.50(b)(1) of the act as authority for tripling the damages and awarding attorney's fees. However, the court struck through all such references by handwritten notation, totally eliminating them from the judgment. The only reference left in the judgment to any statute that might justify multiple damages and attorney's fees is to Tex.Bus. & Comm.Code § 27.01, regarding fraud in a real estate transaction.

We have previously held that it was error to submit special issues two, three and four because there was no evidence to prove intent to defraud, as required by § 27.01. Therefore, any part of the judgment purporting to award damages, including multiple damages and attorney's fees, based on § 27.01, must be set aside. We further note that §27.01 does not authorize either attorney's fees or the automatic tripling or doubling of actual damages. It does provide that a party liable thereunder may be required to pay "exemplary damages not to exceed twice the amount of the actual damages." Section 27.01(c) Tex.Bus. & Comm. Code (Vernon 1968). However, no special

issue was submitted to the jury regarding exemplary damages and, therefore, there was no basis for such an award in this case. See *Bennett v. Mason,* 572 S.W.2d 756 (Tex. Civ.App.-Waco 1978, writ ref'd n.r.e.); *Morriss-Buick Company v. Pondrom,* 131 Tex. 98, 113 S.W.2d 889 (Tex.Comm.App.1938, opinion adopted). We therefore reform the judgment to strike the award of $7,500.00 damages against appellant and reduce same to $2,500.00. Rule 434, Tex.R.Civ.Pro.

It is obvious from our discussion that the award of $14,250.00 attorney's fees was not authorized by either § 27.01 or the Deceptive Trade Practices Act. The appellees' petition did pray for attorney's fees and specifically mentioned § 27.01 and the Deceptive Trade Practices Act as authority. The petition nowhere mentioned Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon 1982) which provides in pertinent part that "Any person ... having a valid claim against a person ... for ... suits founded on oral or written contracts" may recover attorney's fees, providing the claim is not paid within thirty days of presentation. Nevertheless, a general pleading for attorney's fees is sufficient to support the submission of a special issue, *Wolfe v. Speed Fab-Crete Corp. International,* 507 S.W.2d 276, 281 (Tex.Civ. App.-Fort Worth 1974, no writ); *Tennessee Life Insurance Company v. Nelson,* 459 S.W.2d 450, 453 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ), and segregation of attorney's fees among separate causes of action in a plaintiff's petition is not required. *Ellis v. Waldrop,* 627 S.W.2d 791, 798 (Tex.App.-Fort Worth 1982) aff'd in part, rev'd in part on other grounds 656 S.W.2d 902 (Tex.1983). Since the appellees were entitled to recover for breach of a written warranty contract, the attorney's fee award was proper under art. 2226. Point of error three is overruled.

The appellees have brought four cross-points of error. They first complain that it was error to grant the instructed verdict for all defendants except Porter because each benefited from the alleged fraud, as contemplated by § 27.01(b). This point of error is without merit because there was no evidence of a cause of action under § 27.01 against any defendant, including Porter. We further note that the predecessor statute of § 27.01 was strictly construed to apply only to real estate transactions and not to title insurance, which was held to be merely incidental to the real estate transaction. *American Title Insurance Company v. Byrd,* 384 S.W.2d 683, 685 (Tex.1964). The statute was held to be penal in nature. *Westcliff Company v. Wall,* 153 Tex. 271, 267 S.W.2d 544, 546 (1954). The activities in this case of the land developers, the mortgage lender, the insurance company and insurance agent were merely incidental to the transaction and were not significant enough to justify imposition of liability under § 27.01.

The appellees further argue that each defendant was a party to a consumer transaction under the Deceptive Trade Practices Act, a contention we find without merit since the act was not in effect at the time of this transaction and did not apply to real estate transactions until it was amended, two years after its original enactment. Cross-point of error one is overruled.

In cross-point of error two, the appellees contend that actual damages of $2,500.00 should have been doubled under § 27.01 and tripled under § 17.50 et seq. of the Business and Commerce Code. We overrule this cross-point of error, having previously held that the appellees were not entitled to recover under either statute and that § 27.01 has no provision for the automatic doubling of actual damages.

In cross-point of error three, the appellees contend that the court erred by refusing to submit all special issues which they requested. Their brief nowhere points out what those issues were or how they were harmed by the omission. Thus, nothing is presented for review. The appellees further contend that the court erred in submitting the special issues regarding arbitration; however, they were not harmed in view of the judgment in their favor in the court below and our holding affirming that judgment, as reformed. Cross-point of error three is overruled.

A brief has been filed for Friendswood Development Company, King Ranch, Inc., and Kingwood Sales Associates, all of whom prevailed as defendants in the court below. The two cross-points of error raised therein are overruled without further discussion since the effect of our holding is to affirm the directed verdict in their favor.

The district court's judgment is reformed to reflect an award of actual damages of $2,500.00 against the appellant, rather than $7,500.00. In all other respects, the trial court's judgment is affirmed.