COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                       NO.
 2-07-370-CV

 

 

BURK COLLINS, FOUNTAIN
MALL,                                        APPELLANTS

INC., AND MALL GROUP, LTD.

 

                                                   V.

 

TEX MALL, L.P. AND
MICHAEL                                               APPELLEES

KEST, INDIVIDUALLY

 

                                              ------------

 

            FROM
THE 67TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is
an arbitration case.  The primary issue
before us is whether a trial court may review and confirm a Apartial
final@
arbitration award that does not dispose of all matters submitted to arbitration
or a separate independent claim of the parties. 
We hold, as a matter of first impression, that it may not.  We, therefore, reverse and vacate the trial court=s orders
and remand the case for further proceedings.

I.   
Background

Burk
Collins and Michael Kest formed several partnerships for acquiring, developing,
and operating shopping centers and malls in north Texas.  Among these partnerships was North Hills
Creek Mall, LP (ANHCM@),
formed for the sole purpose of owning the North Hills Mall property and
operating the mall (AMall@).  Two Collins‑related entities were
involved in NHCM:  Fountain Mall, Inc.,
which served as NHCM=s general partner; and Mall
Group, Ltd., a limited partner. 
Collectively, Collins‑related entities ultimately owned 50% of
NHCM. The NHCM partnership agreement contained a mandatory arbitration clause,
requiring the parties to submit Aall
disputes between and among them@ to the
American Arbitration Association in Los Angeles County, California.

When
NHCM bought the Mall in 1999, it assumed an $8 million loan.  The lender threatened to foreclose on the
Mall in early 2003.  To forestall
foreclosure, Kest agreed to pay $1 million on the existing note.  Collins prepared a memorandum of
understanding (AMOU@)
memorializing this agreement, which also included, among other provisions, the
following paragraph:








5.     In the event Michael Kest or any of his entities purchase the
Mall note or purchase the property at foreclosure then Burk Collins will retain
all of his ownership in the Mall property . . . under the
new entity.

 

Kest wrote the word ANO@ next to
this paragraph on Collins=s MOU and sent Collins a
different MOU that did not contain language about Collins retaining an interest
in the Mall if Kest bought it at foreclosure.

Kest=s MOU
contained an arbitration clause, which provided that A[a]ny
controversy or claim arising out of or relating to this MOU or the breach
hereof . . . shall be settled by binding arbitration in Los Angeles,
California.@ 
Kest=s MOU also contained an
integration clause, declaring that A[t]his
MOU contains the Parties= entire agreement and
understanding . . . and supersedes and replaces all prior and contemporaneous
negotiations, all proposed agreements[,] and all agreements, written and oral,
regarding the claims, the Note[,] and the Mall.@

Collins
signed Kest=s MOU, but in a separate
memorandum he sent to Kest with the signed MOU, he wrote that his acceptance of
the MOU was conditioned on Kest=s
agreement to Agive [him] back [his] 50%@
interest in the Mall after foreclosure:








I want an understanding that we have an agreement that if . . . you
decide to foreclose or acquire the Mall property off the Courthouse steps that
you will give me back my 50% interest after foreclosure.  This Memo is a condition to my signature on
the [MOU].  If you do not agree then the
document is null and void.

 

If I do not hear back from you then I will consider that we have an
agreement.

 

The
parties avoided foreclosure in the first half of 2003, but the lender reposted
the Mall for foreclosure in October 2003. 
Tex Mall, L.P.Can entity formed shortly
beforehand by KestCbought the Mall at a public
foreclosure sale.  Kest did not give
Collins an interest in the Mall property or in Tex Mall.

Some
months after the foreclosure,  Kest and
several Kest‑related entities  sued
Collins and several Collins‑related entities, alleging that Collins had
retained about $450,000 in sale proceeds for himself.  At Kest=s request,
the trial court issued an injunction compelling Collins to deposit the money in
the registry of the court.  The trial
court also compelled the parties to arbitrate their dispute, citing the
arbitration clauses in both the NHCM partnership agreement and in the MOU, and
the parties began an arbitration proceeding in California.  Tex_Mall was not a party to
the lawsuit or the arbitration at that time.

In June
2004, two of the Collins parties filed a third‑party petition against
Michael Kest and Tex_Mall,
claiming a 50% interest in the Mall or in Tex_Mall under the MOU.  The Collins parties also filed a notice of
lis pendens against the Mall property. 








When the
Kest parties became aware of the lis pendens in April 2005, they filed a motion
to void it.  The Collins parties
responded, in part, by asking that this issue be referred to the pending
arbitration.  The trial court agreed with
the Kest parties and issued an order voiding the lis pendens.

The
Collins parties filed a petition for writ of mandamus in this court,
challenging the trial court=s order
striking their lis pendens.  We
conditionally granted a writ of mandamus directing the trial court to vacate
its order, holding that the evidence before the trial court raised a fact issue
on the question of whether the Collins parties had a direct interest in the
Mall property that must be resolved by the fact finder.[1]









Back in
the trial court, the Kest parties filed a motion for summary judgment, seeking
a ruling that the Collins parties had no direct interest in the Mall
property.  They also asked the trial
court to void the lis pendens in accordance with the procedure this court
explained in the mandamus opinion.[2]  The Collins parties again requested that
these issues be referred to the pending arbitration.  The trial court agreed with the Collins
parties and issued an order compelling arbitration of the issues raised in the
summary judgment motion.[3]

The Kest
parties refiled their motion for summary judgment in the arbitration
proceeding.  Seven months later, the
arbitrators issued their ANinth Preliminary and Interim
Order,@ in
which, contrary to our prior opinion in In re Collins, they determined
that the Collins parties had failed to raise a material fact issue to show a
direct interest in the Mall property and that the lis pendens was null and
void.  The arbitrators later embodied
their rulings in a June 13, 2007, order labeled APartial
Final Award.@ 








The Kest
parties then moved the trial court to confirm the partial award and cancel the
lis pendens.  The Collins parties filed a
response urging the trial court to review the arbitration award for errors of
law, but they did not file a motion to vacate the partial award.  The trial court granted the Kest parties= motion
to confirm and on July 31, 2007, granted the Kest parties= motion
to sever the Collins parties= Aclaim
for a direct interest in the Mall property@ from
the remainder of the suit.  The Collins
parties filed this appeal.

II.   
Issues

In three
issues, the Collins parties argue that the trial court erred by refusing to
review errors of law committed by the arbitration panel and confirming an award
that conflicts with our decision in the mandamus proceeding, improperly
confirming a partial award that does not dispose of all issues submitted to
arbitration, and severing the Collins parties= lis
pendens claim.

III.   
Discussion

A.     Choice of Law: Texas or California?

A
threshold question in this case is what jurisdiction=s
arbitration law applies.  The Collins
parties argue that the Texas General Arbitration Act (ATAA@)
applies.[4]  The Kest parties argue that the California
Arbitration Act (ACAA@)
applies.[5]  The Collins parties contend that the Kest
parties waived application of the CAA by failing to request the trial court to
take judicial notice of California law. 
We agree.  








Under
rule of evidence 202, a party may compel a trial court to take judicial notice
of another state=s law by filing a motion, giving
notice to the other parties, and furnishing the court with sufficient
information to enable it to properly comply with the request.[6]  But A[w]hen a
party fails to request judicial notice of the law of another state as permitted
under Rule 202, >Texas courts will simply presume
that the law of the other state is identical to Texas law.=@[7]  A preliminary motion is necessary to assure
the application of the law of another jurisdiction, and absent a motion by a
party, Texas law may be applied to a dispute.[8]









The Kest
parties contend that they did request the trial court to take judicial notice
of the CAA, pointing to their December 2005 AMotion
to Take Judicial Notice of the California Arbitration Act,@ which
they filed before the trial court sent the Collins parties=
counterclaims to arbitration.  But the
motion requested that the trial court take judicial notice of just one section
of the CAACsection 1281, which pertains to
the validity and enforcement of contractual arbitration clauses, not to the
scope of judicial review of arbitration awards.[9]  The Kest parties did not move the trial court
to take judicial notice of the sections of the CAA dealing with judicial review
and enforcement of arbitration awards, nor did they attach those sections to
their motion.[10]


Because
the Kest parties did not request the trial court to take judicial notice of the
relevant provisions of the CAA, we will presume that California law is the same
as Texas law with regard to judicial review and enforcement of arbitration
awards and apply the TAA to this appeal.[11]

B.     APartial Final Award@








In their
second issue, the Collins parties argue that the trial court erred by
confirming the arbitration panel=s APartial
Final Award@ because the award did not
dispose of all issues before the arbitration panel.  They contend that, because the award did not
determine all matters submitted to the arbitration panel as Texas case law
requires,[12]
the trial court had no authority under the TAA to confirm it.  In response, the Kest parties contend that
Texas case law does not prohibit the confirmation of a partial award and that
the TAA specifically authorizes the confirmation of a partial award in section
171.086(b)(6), because it permits parties to file an application for a court
order confirming an award Aduring
the period an arbitration is pending.@[13]

1.     Texas Common Law and
the TAA

The
common law and the TAA coexist as a dual system of arbitration, and the TAA is Acumulative@ of the
common law.[14]  Courts presume that the legislature enacts
statutes with full knowledge of, and reference to, the existing common law.[15]  The statutory provision controls and preempts
the common law only when a statute directly conflicts with a common law
principle.[16]








Texas
case law generally recognizes that an essential prerequisite to the trial court=s power
to review an arbitral award is that the arbitrator=s
decision be final, not interlocutory.  AAn
arbitration award must determine all matters submitted or it will be
unenforceable for lack of finality.@[17]  Like a final judgment, an arbitral award should
be Aconclusive
on the parties as to all matters of fact and law.@[18]  The award may not Areserve
judicial authority to be exercised in the future.@[19]  








The TAA
does not specifically address finality of an arbitration award.[20]  We presume that the legislature had full
knowledge of the common law principle of finality when it enacted the TAA, and,
in the absence of conflicting language, that it intended the act be construed
in a manner consistent with that principle.[21]  The Kest parties assert, however, that the
act contemplates judicial review of partial awards in section
171.086(b), which provides in pertinent part:

During the period an arbitration is pending before the arbitrators or
at or after the conclusion of the arbitration, a party may file an application
for a court order, including an order:

 

. . . .

(6) to obtain relief under Section 171.087, 171.088, 171.089,
or 171.091.[22]

 

Section 171.087 states that
unless grounds are offered for vacating, modifying, or correcting an award, the
court, on application of a party, Ashall
confirm the award.@[23]

2.     Rules of Statutory Construction








In
construing a statute, our objective is to determine and give effect to the
legislature=s intent.[24]
 If a statute=s
language is unambiguous, we generally interpret the statute according to its
plain meaning.[25]  We begin by examining the exact wording and
apply the tenet that the legislature chooses its words carefully and means what
it says.[26]  We determine legislative intent from the
entire act and not just isolated portions.[27]  In determining the meaning of a statute, we
must consider the entire act, its nature and object, and the consequences that
would follow from each construction.[28]


3.     Section 171.086(b)(6) of the TAA








Applying
these rules of statutory construction to section 171.086(b)(6), we find no
language in that section, or any other part of the TAA, that specifically
authorizes a trial court to confirm a partial award, or an award that does not
resolve all matters submitted to arbitration. 
While section 171.086(b) may contain language that permits a party to Afile an
application for a court order@
confirming a partial award (in addition to other forms of relief) while the
arbitration is pending, that language is purely procedural and does not grant
the trial court the power to conduct judicial review of partial awards before
the arbitrator=s decision becomes final.[29]  The mere fact that the legislature chose to
allow parties to apply for confirmation of a partial award while
arbitration is pending does not, in our view, demonstrate a legislative intent
to abrogate the existing common law rule that arbitration awards must be final
to be legally enforceable and subject to judicial review.  








This interpretation of section 171.086(b)(6) is
consistent with the purpose of arbitration to provide an efficient, economical
system for resolving disputes. 
Subjecting partial awards to judicial review would require trial courts
to hold themselves open as appellate tribunals during on-going arbitration
proceedings, resulting only in a waste of time, the interruption of the
arbitration proceedings, and delaying tactics in a proceeding that is supposed
to produce a speedy decision.[30]  The principle of finality avoids this waste
and inefficiency and promotes the role of arbitration as an expeditious
alternative to traditional litigation.

 

 

 

 

 

        4.   Judicial Review of Partial Awards that
Dispose of a Separate               Independent Claim

 

The Kest
parties argue that because the partial award resolves the specific issue of
whether the Collins parties have a direct interest in the Mall property, it is,
therefore, Afinal@ with
respect to this Aclaim.@  In determining whether the TAA permits a
judicial review of a partial award that disposes of a single claim or cause of
action, we will look to federal case law construing the Federal Arbitration Act
(FAA) for guidance because of the similarities between the two acts.[31]








Like
Texas courts, the federal courts have followed the common law principle that
arbitral awards resolve all claims submitted as a prerequisite to judicial
review.[32]  Some federal circuits, however, have recognized
exceptions to this general rule.[33]  Those exceptions tend to fall under two broad
categories of partial awards: (1) those which finally and definitely dispose of
a separate and independent claim,[34]
and (2) those that were made pursuant to an agreement of the parties.[35]

There is
no agreement between the parties in this case to sever the Collins parties= lis
pendens claim from the other issues submitted to arbitration, or to otherwise
bifurcate the proceeding.  Thus, the
question we must decide is whether the lis pendens claim is a separate claim
that would be the proper subject of a lawsuit if asserted independently from
the other claims submitted to arbitration, and, if so, whether the TAA permits
review and confirmation of an award that resolves such claims.

5.     Does
the Collins Parties= Lis Pendens AClaim@ Constitute a Separate              Independent
Claim?

 








In
determining whether the Collins parties= lis
pendens claim constitutes a separate independent claim for the purpose of
determining whether it may be the subject of a Apartial
final@
arbitration award subject to judicial review, we first examine the nature of
lis pendens.  The doctrine of lis pendens
is codified in Section 12.007(a) of the Texas Property Code, which provides in
pertinent part:

After the plaintiff=s statement in an eminent domain proceeding is
filed or during the pendency of an action involving title to real property, the
establishment of an interest in real property, or the enforcement of an
encumbrance against real property, a party to the action who is seeking
affirmative relief may file for record with the county clerk of each county
where a part of the property is located a notice that the action is pending.[36]

 

Under section 12.008, a party or
other person interested in the result of or in the property affected by a
proceeding in which the lis pendens has been filed may file a motion to cancel
the lis pendens at any time during the proceeding.[37]








Generally
speaking, the purpose of lis pendens notice is two fold: (1) to protect the
alleged rights of the party filing it to the property that is in dispute in the
lawsuit, and (2) to put those interested in the property on notice of the
lawsuit.[38]  The doctrine of lis pendens does not void a
conveyance of the property during pendency of the suit; the interest of the
grantor merely passes subject to it.[39]  The lis pendens notice operates only during
pendency of the suit and terminates with the judgment in the absence of appeal.[40]

Considering
the nature of lis pendens, the issue of whether the Collins parties= notice
of lis pendens was properly filed clearly would not be the proper subject of a
separate lawsuit independent of the underlying lawsuit in which the lis pendens
has been recorded.  The lis pendens
notice is wholly dependent on the filing and pendency of the underlying
lawsuit.  Apart from that lawsuit, there
would be no lis pendens. 








For
these reasons, we hold that issue of the Collins parties= right
to lis pendens notice does not constitute a separate independent claim.  Therefore, assuming without deciding that the
TAA permits judicial review of partial awards that definitely and finally
dispose of separate independent claims submitted to arbitration, we hold that
the lis pendens claim decided by the arbitration panel does not constitute the
type of claim that would render the APartial
Final Award@ subject to judicial review
under the TAA.  It is the content of the
award, not its nomenclature, that determines its finality.

To
summarize, the partial award determining the Collins parties= lis
pendens claim is not final and enforceable because it does not dispose of all
of the claims submitted to arbitration, or a separate independent claim.  Further, neither the TAA or common law
authorizes a trial court to confirm a partial award that does not dispose of
all claims submitted to arbitration, or a separate independent claim.
Therefore, we hold that the trial court erred by granting the June 13, 2007,
order confirming the partial award.  The
Collins parties= second issue is sustained.[41]

C.     Severance

In their
third issue, the Collins parties argue that the trial court abused its
discretion by severing the lis pendens issue. 
The trial court stated in its July 31, 2007, severance order that it
ordered that this Aclaim@ be
severed Aso that
the [June 13, 2007, order confirming the >Partial
Final Award=] with respect to that claim may
become final.@








Rule 41
of the Texas Rules of Civil Procedure provides that A[a]ny
claim against a party may be severed and proceeded with separately.@[42]  This rule grants the trial court broad
discretion in the matter of severance and consolidation of causes.[43]  The trial court=s
decision to grant a severance will not be reversed unless it has abused its
discretion.[44]  A claim is properly severable if (1) the
controversy involves more than one cause of action, (2) the severed claim is
one that would be the proper subject of a lawsuit if independently asserted,
and (3) the severed claim is not so interwoven with the remaining action that
they involve the same facts and issues.[45]  The controlling reasons for a severance are
to do justice, avoid prejudice, and further convenience.[46]  








We have
held that the trial court had no authority under common or statutory law to
grant the June 13, 2007, order confirming the partial award because of its lack
of finality, and because the lis pendens claim is not a separate claim that
would be the proper subject of a lawsuit if independently asserted.  The lis pendens claim is, therefore, not
properly severable from the remaining action.[47]  We, therefore, hold that the trial court
abused its discretion in severing the Collins parties= lis
pendens claim. The Collins parties= third
issue is sustained.

IV.   
Conclusion

Having
sustained the Collins parties= second
and third issues, we reverse and vacate the trial court=s June
13, 2007, and July 31, 2007, orders and remand the case for further proceedings.

 

 

 

 

 

 

                                                         
JOHN CAYCE

CHIEF JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and
WALKER, JJ.

 

DELIVERED:  August 20, 2009











[1] In re Collins,
172 S.W.3d 287, 297 (Tex. App.CFort Worth 2005, orig. proceeding).





[2] See id. at 294B95.





[3]Apparently, the trial
court misunderstood our instructions in In re Collins. We held that the
fact issue on the question of whether the Collins parties have a direct
interest in the Mall property must be resolved by the Afactfinder.@  Id. at 295_98. 
Because this question was initially submitted to the trial court for
determination, we anticipated that the parties would seek resolution of the
fact issue in the trial court; we did not contemplate that the trial court
would submit the question that we had decided to the arbitration panel for
reconsideration.  While we appreciate the
trial court=s reasons for taking this
action, it has resulted in delay, conflicting rulings, and a waste of resources
that may have been avoided had the trial court correctly followed our opinion
in In re Collins.





[4]See Tex. Civ. Prac. &
Rem. Code Ann. '' 171.001B.098 (Vernon 2005).  





[5]See Cal. Code Civ. Proc. '' 1280B1294.2 (West 2007). 





[6] Tex. R. Evid. 202.





[7]Coca-Cola Co. v. Harmar
Bottling Co.,
218 S.W.3d 671, 695 (Tex. 2006) (Brister, J., dissenting) (quoting Olin Guy
Wellborn III, Judicial Notice Under Article II of the Texas Rules of
Evidence, 19 St. Mary=s L.J. 1, 27 (1987)); see
also Burlington N. & Santa Fe Ry. Co. v. Gunderson, Inc., 235 S.W.3d
287, 290 (Tex. App.CFort Worth 2007, pet.
withdrawn). 





[8]Gen. Chem. Corp. v. De La
Lastra,
852 S.W.2d 916, 919_20 (Tex. 1993); Gunderson,
Inc., 235 S.W.3d at 290; Pittsburgh Corning Corp. v. Walters, 1
S.W.3d 759, 769 (Tex. App.CCorpus Christi 1999, pet. denied).





[9]See Cal. Code. Civ. Proc. '' 1281B1281.96.





[10]See id. '' 1285B1287.6.





[11]See Tex. R. Evid. 202; Harmar
Bottling Co., 218 S.W.3d at 695 (Brister, J., dissenting); De La Lastra,
852 S.W.2d at 919_20; Gunderson, Inc.,
235 S.W.3d at 290; Pittsburgh Corning Corp., 1 S.W.3d at 769.





[12]See, e.g., Peacock v.
Wave Tec Pools, Inc., 107 S.W.3d 631, 637 (Tex. App.CWaco 2003, no pet.); Porter v. Irvine, 658
S.W.2d 711, 713B14 (Tex. App.CHouston [1st Dist.] 1983,
no writ); Smith v. Barnett, 373 S.W.2d 762, 765 (Tex. Civ. App.CDallas 1963, no writ).





[13]Tex. Civ. Prac. &
Rem. Code Ann. ' 171.086(b)(6).





[14]L. H. Lacy Co. v. City of
Lubbock,
559 S.W.2d 348, 351 (Tex. 1977); Pheng Invs., Inc. v. Rodriquez,
196 S.W.3d 322, 329 (Tex. App._Fort Worth, 2006, no
pet).  





[15]In re Pirelli Tire,
L.L.C.,
247 S.W.3d 670, 677 (Tex. 2007) (orig. proceeding).





[16]Cash Am. Int'l Inc. v.
Bennett,
35 S.W.3d 12, 16 (Tex. 2000).





[17]Porter, 658 S.W.2d at 713_14; see also Peacock, 107 S.W.3d at
637; Smith, 373 S.W.2d at 765.





[18]Pheng Invs., 196 S.W.3d at 328; see
Quinn v. Nafta Traders, Inc., 257 S.W.3d 795, 798 (Tex. App._Dallas 2008, pet. granted).





[19]Peacock, 107 S.W.3d at 637.





[20]In contrast, the Federal
Arbitration Act specifically provides that the lack of finality is grounds for
vacating an award.  See 9 U.S.C.A.
_ 10(a)(4) (West 2009) (providing that
court may vacate award if it finds Afinal@ award was not made).





[21]In re Pirelli Tire, 247 S.W.3d
at 677; see Bennett, 35 S.W.3d at 16.





[22]Tex. Civ. Prac. &
Rem. Code Ann. ' 171.086(b)(6) (emphasis
added).





[23]Id. _ 171.087.





[24]In re M.N., 262 S.W.3d 799, 802
(Tex. 2008); City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25
(Tex. 2003); Benish v. Grottie, 281 S.W.3d 184, 192_93 (Tex. App.CFort Worth 2009, pet.
filed). 





[25]Benish, 281 S.W.3d at 192_93. 





[26]See In re M.N., 262 S.W.3d at
802; Benish, 281 S.W.3d at 192_93. 





[27]Benish, 281 S.W.3d at 192_93. 





[28]Sharp v. House of Lloyd,
Inc.,
815 S.W.2d 245, 249 (Tex. 1991); see generally Tex. Gov=t Code Ann. '' 311.001B.034 (Vernon 2005 &
Supp. 2008) (Code Construction Act setting forth presumptions and matters to be
considered in construing statute).





[29]The American Arbitration
Association (AAA) commercial arbitration rules provide that A[i]n addition to a final
award,
the arbitrator may make other decisions, including interim, interlocutory, or
partial rulings, orders, and awards.@  Am.
Arbitration Ass=n Commercial Arbitration
Rules & Mediation Procedures R-43(b) (2009) (emphasis added),
http://www.adr.org/sp.asp?id=22440#R43. 
Thus, according to the AAA=s own rules and procedures, a distinction is made
between interim, interlocutory, or partial awards and Afinal@ awards.  It is final awards that are subject to
confirmation under the TAA, not interim, interlocutory, or partial awards.  This does not mean, however, that arbitrators
may not make partial awards, only that a trial court may not confirm partial
awards.





[30]See CVN Group, Inc. v.
Delgado,
95 S.W.3d 234, 238 (Tex. 2002) (ASubjecting arbitration awards to judicial review
adds expense and delay, thereby diminishing the benefits of arbitration as an
efficient, economical system for resolving disputes.@).





[31]See Quinn, 257 S.W.3d at 798.





[32]See, e.g., Michaels v.
Mariforum Shipping, S.A., 624 F.2d 411, 413_14 (2d Cir. 1980).





[33]Halliburton Energy
Servs., Inc.,
v. NL Indus., 553 F.Supp.2d 733, 774 (S.D. Tex. 2008).





[34]Hart Surgical, Inc. v.
Ultracision, Inc., 244 F.3d 231, 233_34 (1st Cir. 2001); Trade
& Transp., Inc. v. Natural Petroleum Charterers Inc., 931 F.2d 191,
195 (2d Cir. 1991); Metallgesellschaft A.G. v. M/V Capitan Constante,
790 F.2d 280, 283 (2d Cir. 1986).





[35]Hart Surgical, 244 F.3d at 234; Rocket
Jewelry Box, Inc. v. Noble Gift Packaging, Inc., 157 F.3d 174, 177 (2d Cir.
1998); Mariforum Shipping, 624 F.2d at 413_14; Andrea Doreen,
Ltd. v. Bldg. Material Local Union 282, 250 F.Supp.2d 107, 112 (E.D.N.Y.
2003).





[36]Tex. Prop. Code Ann. _ 12.007(a) (Vernon 2004) (emphasis added).





[37]Id. ' 12.008; In re
Collins, 172 S.W.3d at 292_93.





[38]World Sav. Bank, F.S.B.
v. Gantt,
246 S.W.3d 299, 303 (Tex. App._Houston [14th Dist.]
2008, no pet.); In re Collins, 172 S.W.3d at 292_93.





[39]Cherokee Water Co. v.
Advance Oil & Gas Co., 843 S.W.2d 132, 135 (Tex. App._Texarkana 1992, writ
denied).





[40]Hartel v. Dishman, 135 Tex. 600, 608_09, 145 S.W.2d 865, 869 (1940).





[41]Having held that the
trial court had no statutory authority to review the partial award, we do not
address the Collins parties= first issue complaining of the trial court=s refusal to review errors
of law in the award.  See Tex. R.
App. P. 47.1.





[42]Tex. R. Civ. P. 41. 





[43]Guar. Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). 






[44]Id. 





[45]Id. (emphasis added).





[46]Id.





[47]Id.